# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROSHANDA PEPPERS,**

**Plaintiff,**

**vs.**

**ST. CLAIR COUNTY, DEBRA MOORE,**
**And FRANK BERGMANN,**

**Defendants.**                                             Case No. 16-cv-1365-DRH-RJD

## MEMORANDUM AND ORDER

**HERNDON**, **District Judge:**

Now before the Court is Defendants St. Clair County, Debra Moore, and Frank Bergman June 29, 2017, motion for a more definite statement (Doc. 18). Specifically, the defendants request an order requiring Plaintiff Roshanda Peppers to provide a more definite statement regarding the specific claims she is asserting against each named defendant, as required by FEDERAL RULE OF CIVIL PROCEDURE 12(e).

Under Rule 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must "point out the defects complained of and the details desired." The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

As of today's date, plaintiff has not responded to the motion for a more definite statement. Pursuant to Local Rule 7.1(c), the Court considers the failure to respond as an admission of the merits of the motion.[1] Additionally, the Court finds that plaintiff's sparse allegations against each defendant are insufficient and render it impossible for the defendants to prepare a response. Accordingly, the Court **GRANTS** the motion for a more definite statement (Doc. 18).

Plaintiff is **DIRECTED** to file an amended complaint **on or before August 24, 2017**. The amended complaint shall set forth her particular claims against each named defendant. Specifically, plaintiff shall include the following details in her amended complaint:

1. Identify any and all claims plaintiff is attempting to assert against Defendant Bergman;
2. Identify the conduct in which plaintiff alleges Defendant Bergman engaged in violation of any law;
3. To the extent plaintiff is attempting to assert a claim for disability discrimination against any defendant, identify plaintiff's alleged disability and the adverse action that plaintiff alleges each defendant took because of her alleged disability; and
4. Identify the federal and state laws under which plaintiff is attempting to assert claims for retaliation against Defendants St. Clair County and Debra Moore.

---

[1] Local Rule 7.1(c) provides in part: "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

If plaintiff fails to comply with this order by the aforementioned deadline, the Court may strike the December 19, 2016 complaint and dismiss this matter for failure to prosecute. Fed. R. Civ. P. 12(e).

**IT IS SO ORDERED.**

Signed this 8th day of August, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.08.08
17:36:08 -05'00'

**United States District Judge**