IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROSHANDA PEPPERS,

Plaintiff,

vs.

ST. CLAIR COUNTY, DEBRA MOORE,
And FRANK BERGMANN,

Defendants.                                    Case No. 16-cv-1365-DRH-RJD

MEMORANDUM AND ORDER

**HERNDON**, **District Judge:**

## I. Introduction

Now before the Court is defendants St. Clair County, Debra Moore, and Frank Bergman's June 29, 2017, motion to strike plaintiff's complaint as untimely or, in the alternative, to dismiss plaintiff's complaint for failure to state a claim (Doc. 31). As of today's date, plaintiff has not filed a response to the motion. For the reasons explained below, the Court **GRANTS** defendant's motion to dismiss (Doc 31).

## II. Background

On December 19, 2016, Plaintiff Roshanda Peppers, a former employee of St. Clair County, initially filed a complaint against St. Clair County and two St. Clair County employees—Debra Moore and Frank Bergmann—claiming "Antidiscrimination et al., whistleblower et al., ADA et al., any and all federal and state law and Right to Sue." (Doc. 1, pg. 4). Based the lack of specificity in

plaintiff's claims against each named defendant, the defendants filed a motion for a more definite statement (Doc. 18), and on August 9, 2017, the Court ordered plaintiff to file an amended complaint on or before August 24, 2017, that specifically identified plaintiff's claims against each defendant and the facts upon which those claims are based (Doc. 27). On August 25, 2017—one day after the Court's deadline—plaintiff filed her first amended complaint. In the amended complaint plaintiff asserts more than 20 different claims against some, or all, of the defendants. Not only did she fail to amend her complaint in a timely fashion, but she also failed to comply with the Court's directives as to the substance of her complaint. As a result, defendants moved to strike plaintiff's complaint as untimely or, in the alternative, dismiss plaintiff's complaint for failure to state a claim (Doc. 31). Plaintiff has not responded to the pending motion.

### III. <u>Motion to Dismiss</u>

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

Although federal pleading standards were retooled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant

fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further guidance on what a complaint must do to withstand 12(b)(6) dismissal. The Court in *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 (7th Cir.2011). With this in mind, the Court turns to plaintiff's complaint

### IV.  Analysis

As of today's date, plaintiff has not responded to the motion to dismiss. Local Rule 7.1(c) provides in part that: "Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Pursuant to Local Rule 7.1(c), the Court considers plaintiff's failure to respond as an admission of the merits of the motion to dismiss. Accordingly, the Court grants defendant's motion to dismiss.

Additionally, the Court finds that dismissal is appropriate, given that plaintiff failed comply with the Court's August 9, 2017 Order (Doc. 27).

Specifically, plaintiff failed to comply with the Court-ordered deadline in which to amend her complaint, and she also failed to identify her claims and the facts supporting those claims in a way that would withstand 12(b)(6) dismissal, as the August 9, 2017 Order directed. Specifically, the Court's August 9, 2017 Order directed plaintiff to:

1. Identify any and all claims plaintiff is attempting to assert against Defendant Bergman;
2. Identify the conduct in which plaintiff alleges Defendant Bergman engaged in violation of any law;
3. To the extent plaintiff is attempting to assert a claim for disability discrimination against any defendant, identify plaintiff's alleged disability and the adverse action that plaintiff alleges each defendant took because of her alleged disability; and
4. Identify the federal and state laws under which plaintiff is attempting to assert claims for retaliation against Defendants St. Clair County and Debra Moore.

(Doc. 27, pg.2). Her amended complaint fails to comply with any of the Court's directives listed above. Finally, as argued by the defendants in their memorandum of law (Doc. 32, pg. 5-6), plaintiff's complaint fails to plead facts sufficient to state a claim under any of the laws she cites as a basis for relief against the defendants. Plaintiff fails to show that she is protected under—or engaged in any activity protected by—the various laws she cites in her complaint. Therefore, based on plaintiff's failure to respond to the defendant's motion, and for the reasons argued by the defendants in their memorandum of law (Doc. 32, pg. 5-6), Peppers' complaint clearly cannot withstand 12(b)(6) dismissal.

## V. Conclusion

Accordingly, the Court **GRANTS** defendants' motion to dismiss (Doc. 31).

The Court **DISMISSES with prejudice** plaintiff's claims against defendants St. Clair County, Debra Moore, and Frank Bergman. The Clerk of the Court is **DIRECTED** to enter judgment reflecting the same.

    **IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.11.08 15:35:18 -06'00'

**United States District Judge**